**ELIZABETH SCANLAN ROSS, Appellant**

v.

**SAM SCANLAN, Appellee**

Nos. 139 & 141-1964

High Court of American Samoa

Civil Jurisdiction, Appellate Division

January 14, 1965

Donald E. Iwai, counsel for Appellant.
Lolo, counsel for Appellee.

ROEL, *Associate Justice.*

This is an appeal from the decree rendered by the Trial Division of the High Court of American Samoa. The case was originally heard at Fagatogo, American Samoa, on August 4 and 5, 1964. The decision of the Trial Court was rendered and the decree entered on August 10, 1964. The decree in effect dismissed the petitions of both Mrs. Elizabeth Scanlan Ross, Appellant herein, and Sam Su'afaiga Scanlan, Appellee. In its decision the Trial Court held that the land Taufusi was the property of the Scanlan Family and not the property of Elizabeth Scanlan Ross.

In presenting his argument on appeal, counsel for Appellant referred the Court to the memorandums of authorities previously filed. These memorandums were received by the Court to supplement the grounds of appeal as originally set out by Mrs. Ross in her notice of appeal.

■ Commenting on the "Rules of Procedures in the Appellate Division of the High Court," counsel for Appellant stated that he had reservations regarding Rule 7C which reads in part, "Unless timely and sufficient objection has been made to the introduction of inadmissible evidence, the question of the admission of such evidence will not be considered an appeal." Counsel stated that this portion of the Rules was rather restrictive in that Appellant's counsel in the Trial Division was not legally trained and also that counsel in the Trial Division may have been reluctant to object to some of the questions from the bench because of the fact that the questions, coming from the bench, gave the questions and answers thereto a color of legality.

Counsel for Appellant argued that two deeds were in question before the Court, one being the deed from Mailo to Charles Scanlan as trustee for Tasele for life, with a remainder to the oldest heir of Tasele; that the second deed was the one executed on September 3, 1962 by Charles Scanlan, son of Tasele, to Appellant, Mrs. Ross.

Counsel argued that the 1906 deed from Mailo to Scanlan, as trustee for Tasele, was subject to a 15-year lease which expired in 1922; that Charles Scanlan held the property under the lease as lessee and not as a trustee.

Counsel argued that the first point of error as set out in his written memorandums was that the Trial Division erred in permitting hearsay evidence. He stated that while the permitting of hearsay evidence, without objection, was normally no grounds for appeal, an exception should be made here because Appellant's Samoan counsel at the trial was not legally trained. He argued that strict application of Rule 7C would not serve the best interest of justice, where questions asked by Court would restrain untrained counsel from objecting because the Court lent an air of legality to the questions. Counsel further argued that

except for the evidence based on hearsay testimony, the 1906 deed was valid on its face and provided a good chain of title to the Appellant.

Counsel for Appellant further argued that even if no error were committed in connection with the admission of hearsay evidence, the Trial Division had erred because it had oversimplified the law of adverse possession. He argued that the evidence did not support the ruling that the Scanlan Family and not the Appellant, through Charles Scanlan and Tasele, held the property in question by adverse possession. He claimed that from the date of the execution of the 1906 deed Charles Scanlan, as trustee for Tasele, held the property in question by adverse possession for the benefit of Tasele; that because of the 1906 deed Charles Scanlan could not be the adverse possessor himself because his possession as lessee would be consistent with title of owner; that Charles Scanlan became the holder of the land by adverse possession for Tasele and also as lessee, but that as lessee Charles Scanlan as trustee for Tasele took property by adverse possession against the entire world, in the belief that the deed from Mailo was valid.

Counsel argued that when Charles Scanlan died in 1920 Tasele was 25 years old and he, Tasele, took over the adverse possession; that Tasele took over by adverse possession a life estate with remainder over to his eldest heir. Counsel then stated that Charles Scanlan could not claim land as adverse possessor from 1905 to 1920. Counsel argued that Tasele lived on the property and that, even though he had left the property in question for some years, he, Tasele, had come to die on the property at the age of 66; that the rest of the Scanlan Family were permittees of Tasele on the property and not holders by adverse possession. Counsel argued that in connection with the evidence that Charles Scanlan had given Mailo money for the property in question, that it was not unusual in the

Samoan custom for a father to buy property in the name of his eldest son. He argued that, whatever the reason, the intent of the deed was clear that the land was to go to Charles Scanlan for the benefit of Tasele as a minor; that when Tasele became an adult he took full possession as a life tenant.

Counsel for Appellant argued that the testimony to the effect that the Scanlan Family has been in continuous possession of the land in question since 1906 does not support a finding that the Scanlan Family possessed the land by adverse possession as against Tasele's interest.

Counsel for Appellant further argued that if the deed from Mailo to Charles Scanlan and Tasele was illegal but the grantee took with the belief that the deed was valid, then Tasele took by adverse possession and that no one else but Tasele could claim by adverse possession; that no one questioned the deed until 1964 as to its legality. Appellant's counsel argued that the Appellee must show that the Scanlan Family took by adverse possession from Tasele if Appellee is to prevail. He set out the burden of proof necessary for a claim of adverse possession against a family member; he commented on the family relationship in Samoa where family members are invited to stay in each other's houses.

Counsel argued that the fact that Appellee paid for the light and water bill and built or made repairs to the house is no indication of adverse possession on Appellee's part; that Tasele was owner by adverse possession after 20 years and that Tasele could claim only a life estate by adverse possession; that when Tasele's son conveyed to Mrs. Ross in 1962 he transferred to her a good title in fee simple. Later counsel for Appellant corrected himself to say that the deed to Mrs. Ross conveyed only a life estate to her.

Appellant's counsel argued that when the Trial Division Court voided the deed of 1906, it oversimplified the issue by saying that Tasele took nothing; that the deed had never been questioned in all these years; and that the Appellant was the true legal owner of the property in question. Counsel argued that the findings of fact and conclusions of law of the Trial Division be reversed and that judgment be entered in favor of the Appellant.

On rebuttal counsel for Appellant argued that the void deed from Mailo was no bar to the taking of the property by adverse possession by Tasele; that the color of title coupled with adverse possession gave Tasele the right to the property; that Tasele through the trustee, Charles Scanlan, acquired adverse possession title in 1905; that although the legal theory and the argument of Appellee was technically right, the oversimplification of the issues by the Trial Division would not carry out justice to give title of the property to the rightful owner.

Lolo, counsel for Appellee, argued that there were three documents relevant to the question before the court, as follows: the deed from Mailo to Charles Scanlan in 1906; the conveyance from Charles Scanlan, Jr. to Mrs. Ross on September 3, 1962, and lease between Charles Scanlan and Mailo. He argued that the deed from Mailo to Scanlan in trust for Tasele in 1906 was void; that it was executed against the provisions of the law in 1906; that Mailo's right to convey land was positively withheld and denied by statute; that Mailo and Charles Scanlan entered into the conveyance agreement in an attempt to evade the law; that the conveyance was invalid, void and criminal in that the regulation provided for a penalty in connection with the legal conveyance of land under Section 9 of the Land Regulations. Counsel for Appellee argued that the Court below did not err in holding that the deed from Mailo to Scanlan and Tasele was void.

Counsel for Appellee further argued that when Charles Scanlan, Jr. executed the conveyance to Mrs. Ross he was trying to convey something he did not have. He argued that the only legal document was the lease from Mailo to Charles Scanlan of January 7, 1905. Lolo asked the Court to take judicial notice of the land law in 1906.

Counsel for Appellee argued that the Court had the right to admit hearsay evidence under certain circumstances, citing several authorities. He argued that the Court could relax the rule regarding hearsay evidence in the interest of justice; that the only parties to the original deed, Mailo, Charles Scanlan, Sr. and Mrs. Scanlan were all dead, and that the Court was justified in allowing hearsay testimony. He further argued that hearsay testimony was admissible in connection with the proof of family history, relationship, pedigree, family tradition and declarations of deceased.

Counsel for Appellee argued that the history of the Scanlan Family in American Samoa began from the time of the lease from Mailo to Scanlan; that the testimony of Sam Scanlan, though hearsay, was the best available evidence to arrive at justice in the case, and that Sam, being a member of the Scanlan Family, could give such testimony; that the Court below was not wrong either in admitting or considering the said evidence.

In connection with the issue of adverse possession, Appellee's counsel argued that Charles Scanlan, Sr. did not have color of title for the benefit of Tasele as a result of the deed from Mailo. Counsel argued that a conveyance from one whose power to convey is withheld by statute does not convey a color of title; that Mailo did not have authority to convey to Charles Scanlan for Tasele because he was barred by statute at the time of the alleged conveyance; that Mailo had nothing to convey and that color of title could not be based on an illegal conveyance; that the only

legal document was the lease from Mailo to Charles Scanlan, Sr.; that Charles Scanlan died in 1920, the year when the lease terminated; that from 1920 to the present, the Scanlan Family used the land openly and notoriously to create for them title by adverse possession against Mailo; that the statute of limitation regarding ownership by adverse possession began to run from 1920 after the term of the lease; that after Charles Scanlan died in 1920, his wife, Pipii, continued to live on the property until the time of her death very recently; that the Mailo Family residence is only a few feet from the property in question and that the Mailo Family for many years had known that the property was used by the Scanlans.

Counsel for Appellee argued that Tasele lived away from the property in question on other Scanlan land and had children born there; that even Mrs. Ross was born at a place other than the land in question; that Tasele built a home for his family on this other Scanlan property and did not live on the property in question and came only to visit his mother there; that Tasele and his family had their home away from the land in question for more than 30 years; that Mrs. Ross left American Samoa for 14 years, and that most of the Scanlans left American Samoa except Sam, his mother and his sister Marie, who continued to occupy the property in question.

Counsel for Appellee concluded his argument by stating that the Court below was correct in holding the deed from Mailo to Charles Scanlan and Tasele void since it was illegal and did not even create a color of title; that the Appellant had failed to show that the decision of the Trial Court was clearly erroneous.

This Court has considered Appellant's counsel's written memorandums of authorities on which the appeal was based as well as his oral arguments at the time of the hearing of this appeal. Appellant's main grounds for

appeal were as follows: 1. that the Trial Court was in error in admitting and considering hearsay testimony in arriving at its decision; 2. that the Trial Court erred in holding that the Scanlan Family were the adverse possessors of the property in question in that it should have held that the Appellant, Elizabeth Scanlan Ross, was the sole rightful owner of the property; 3. that the Trial Court erred in propounding leading questions to witnesses, and that consequently the decisions of the Trial Court should be reversed and award made in favor of Appellant. As we have already mentioned, Appellant's counsel argued that Rule 7C of the Rules of Procedure should be released for the benefit of the Appellant.

 In considering Appellant's argument that the Court below erred in admitting and then considering hearsay testimony in arriving at its decision, we find that we cannot agree with him in this contention. We agree with the majority of authorities and the growing tendency of relaxing the hearsay rule and in upholding the exceptions to the hearsay rule thus far established. It has been held that "The modern tendency is to increase the number of exceptions; so, it has been said that exceptions to the hearsay rule have virtually swallowed the rule. . . ." (31A C.J.S., page 540, Evidence, Sec. 193.) Thus it has been held that "Necessity, as a prerequisite to exception to rule, exists when refusal to admit hearsay statement will cause facts brought out by statement to be lost because person whose assertion is offered is dead or unavailable, or because assertion is of such nature that evidence of same value for same person or other sources could not be expected to be obtained." (31A C.J.S., page 540, Footnote, Meaning of necessity, Evidence.) "Such exceptions are based on necessity, public policy, practical common sense, and the trustworthiness which experience has taught, or the

circumstances indicate. . . ." (31A C.J.S., pages 540–541, Evidence.)

■ "Declarations of deceased person are admissible against heirs claiming under deceased person, if they would be admissible against the deceased, if living." (*In re Pardee's Estate*, 240 Wis. 19, 1 NW-2d 803-Footnote, 31A C.J.S., page 575, Evidence.)

■ "And testimony as to the statement of a deceased has been held not hearsay where the testimony is not offered to prove the truth of the statement, but as relevant to a factual issue necessary to a determination of the case." (31A C.J.S., page 576, Evidence.)

■ "A strong reason for the exclusion of hearsay is found in the distrust of the ability of a jury to give the proper weight to an unsworn statement, since only a well-trained mind can give such a statement any weight without grave danger of giving it undue weight. This reason is not present where the evidence is addressed solely to the judge, to enable him to decide matters of fact, or to determine as to the exercise of discretion, and consequently the rule is considerably relaxed under such circumstances." (31A C.J.S., page 579, Sec. 210, Evidence.) "In fact, the general rule to which only a small minority of jurisdictions take exception, is that hearsay testimony admitted without objection may properly be considered and given its natural probative effect." (20 Am.Jur., Sec. 452, page 401.) To the same effect see 20 Am.Jur., Sec. 453, page 402; 31A C.J.S., Sec. 204, page 572, Evidence; 31A C.J.S., page 575, Evidence; 20 Am.Jur., Sec. 468, pages 409–410, and others.

■ In connection with the issue of adverse possession, it must be remembered that the Court below found the deed from Mailo to Charles Scanlan for the benefit of Tasele to be absolutely void. The Court, as the trier of the

facts below, found that the transaction between Mailo and Charles Scanlan, Sr. had been a subterfuge arrangement to circumvent the restrictions on alienation of land of the then existing land law in 1906. We believe that the Court below was justified in making said determination from the record, and we so find. The fact that both Mailo and Charles Scanlan, Sr. knew that the transaction was being made outside and contrary to the existing land law, the violation of which was made a crime and punishable as such, made such an instrument absolutely void and could not be used as color of title in conjunction with a claim of the land by adverse possession. Such a conveyance did not create color of title. The question is not whether the Scanlan Family could claim adversely as against Tasele, but whether the Scanlan Family as a whole, under the leadership of Charles Scanlan, Sr. and his wife, Pipii, could hold against Mailo by virtue of adverse possession after the expiration of the 15-year lease between Mailo and Charles Scanlan, Sr. The Court below found that the adverse possession against Mailo was effected for the. benefit of the whole Scanlan Family and not for the benefit of Tasele alone. We do not believe that such finding by the Trial Court was erroneous. We think the evidence in the record justified its findings. "Ordinarily, reliance upon limitations for title presents a fact question. However, adverse possession is usually a mixed question of law and fact. Whether the facts exist which constitute adverse possession is for a jury to determine, but whether the facts as delineated are sufficient to constitute adverse possession is a question of law for the court." (3 Am.Jur.2d, Sec. 112, page 198.)

In connection with Appellant's argument that the Court below committed error by propounding leading questions to witnesses, we are of the opinion that Appel-

924

lant has failed to show that such conduct of the Court was in violation of its discretionary power or that it constituted error. "A trial judge has the right to propound such questions to witnesses as may be necessary to elicit pertinent facts, in order that the truth may be established, although some reviewing Courts have declared that the practice of so doing except when absolutely necessary should be discouraged. Accordingly that Trial Court has the power to recall a witness who has been examined, and propound questions to him. He may cross-examine a witness, or ask him *leading questions*. And he may elicit any relevant and material evidence, without regard to its effect, whether beneficial or prejudicial to one party or the other. Indeed, it has been declared to be the duty of the court to propound such questions to reluctant witnesses as will strip them of the subterfuges to which they resort to evade telling the truth. The extent to which such examination shall be conducted rests in the discretion of the judge, the exercise of which will not be controlled unless abused." (58 Am.Jur., Sec. 557, page 310.)

The Court sees no reason to relax the provision of Paragraph 7C of the Rules of Procedure since there was nothing revealed to show that the Appellant was in any way prejudiced. Appellant was not in any way confined in his arguments before the Appellate Division, and any matters to which the Appellant failed to object below were included in Appellant's counsel's written memorandums or oral argument and have been disposed of by this Court.

In conclusion, after considering the transcript of the trial below, the written memorandums filed by Appellant's counsel, and after listening to the arguments for Appellant and Appellee, it is the unanimous opinion of this Court that there was no clearly erroneous finding or findings of fact by the Trial Court. The Appellant failed to convince this Court that the evidence below did not support the

finding or findings of fact of the Trial Court. We are of the unanimous opinion that the findings of the Trial Court are fully supported by the evidence, and we find no reason whatsoever for disturbing the Decree of the Trial Court.

Accordingly, it is hereby ORDERED that the Decree of the Trial Court be, and the same is hereby, Affirmed.

Court costs in the amount of $15.00 to be paid by Appellant, Mrs. Elizabeth Scanlan Ross within 30 days.

DECREE AFFIRMED.